# United States Court of Appeals
## For the First Circuit

No. 01-1569

CLAREMONT FLOCK CORPORATION,

Plaintiff, Appellee,

v.

KJELL K. ALM,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. James R. Muirhead, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

Lawrence A. Vogelman, with whom Shuchman & Krause-Elmslie, P.L.L.C., was on brief for appellant.
Charles R. Powell, III, with whom Michael J. Kenison and Devine, Millimet, & Branch Professional Association, were on brief for appellee.

February 25, 2002

**LIPEZ, Circuit Judge**.  Appellant Kjell Alm appeals the district court's denial of his motion filed pursuant to Fed. R. Civ. P. 60(b)(6) to vacate a default judgment.  We affirm.

**I.**

Appellee Claremont Flock Corporation filed a complaint in federal district court against Alm on September 29, 1998.  That complaint, along with a summons, was personally served on Alm in New Orleans, Louisiana in October 1998.  On November 16, 1998, Alm, acting pro se, filed an "Answer" in the form of a letter to the court.  In that letter, Alm disputed certain allegations contained in the complaint, asserted that he was not the proper party to the suit, and claimed that, under the choice of law provision in the disputed contract, the laws of Sweden governed the interpretation of the contract.  Alm also provided the court with his mailing address in Gothenberg, Sweden.  Accordingly, numerous court orders, letters from Claremont Flock's counsel, and discovery requests were sent to Alm at that address.  Alm failed to respond to any of these orders or requests.

On May 5, 1999, the district court issued a discovery order directing Alm to answer interrogatories, respond to document requests and submit to a deposition within thirty days or risk a default judgment.  Again, Alm failed to respond, at which point Claremont Flock moved for entry of a default judgment, which the district court granted on July 15, 1999.  On September 1, 1999, the court entered a final judgment against Alm, awarding $250,000 in damages to Claremont Flock and issuing a permanent injunction

-2-

against Alm, enjoining him from engaging in certain commercial activity without the express written consent of Claremont Flock.

On November 13, 2000, over fourteen months after the court entered judgment, Alm -- now finally having retained counsel -- filed a Rule 60(b)(6) motion to vacate the judgment against him, claiming that at some unspecified time after he submitted his answer to the court, he became estranged from his wife and lost access to the residential post office box in Gothenberg, Sweden. He claimed that he did not receive any of the court orders, motions, correspondence, or discovery requests mailed to that address, and that he understood his November 1998 letter to the court to have ended the litigation. The district court denied Alm's motion. This appeal followed.

**II.**

District courts have wide discretion in deciding Rule 60(b) motions, and we review such determinations for abuse of discretion. See Teamsters, Chauffeurs, Warehouseman and Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992). We find no abuse of discretion here.

Rule 60(b) contains six subsections, the first five of which set forth specific grounds for relief.[1] Subsections (1)

---

[1] Fed. R. Civ. P. 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to

through (3) carry a one-year time limit, while motions for relief under subsections (4) through (6) need only be made "within a reasonable time." See Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993). Subsection (6) is designed as a catch-all, and relief under that subsection "is only appropriate where subsections (1) through (5) do not apply." United States v. Baus, 834 F.2d 1114, 1121 (1st Cir. 1987). "To justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay." Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393 (1993) (internal quotation marks omitted). If a party is "partly to blame," Rule 60(b)(6) relief is not available to that party; instead, "relief must be sought within one year under subsection (1) and the party's neglect must be excusable." Id.

Here, in seeking Rule 60(b)(6) relief, Alm characterizes himself as a foreigner unfamiliar with the American legal system and, on that basis, attempts to absolve himself of any fault for his failure to respond to court orders, motions, correspondence and discovery requests. He claims that he believed that his letter

move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

-4-

answer to the court put an end to the litigation, and therefore he was not surprised or concerned when he did not receive any further correspondence or notices regarding the court dispute.

The district court found, however, that "Alm was a sophisticated international businessman who chose not to contact American counsel after he was served with the complaint." Furthermore, it is undisputed that Alm made no efforts to confirm that the lawsuit had been dismissed or withdrawn or to notify counsel or the court of an alternative mailing address. Nor is there any indication that Alm attempted to compel his wife to forward or preserve his mail. See Cotto, 993 F.2d at 278 ("[I]n our adversary system of justice, each litigant remains under an abiding duty to take the legal steps necessary to protect his or her own interests."). Accordingly, the district court determined that the default judgment was "attributable to [Alm's] own negligence and not to extraordinary circumstances beyond the party's control." The district court did not abuse its discretion in drawing this inference of fault from the evidence in the record.

Accordingly, Alm cannot avail himself of Rule 60(b)(6) relief but rather is limited to seeking relief from judgment on grounds of excusable neglect pursuant to Rule 60(b)(1). See Pioneer, 507 U.S. at 393 (holding that party must be "faultless" to avail itself of Rule 60(b)(6) relief). Any such request on that basis, however, would be untimely. As discussed supra, a litigant may move for Rule 60(b)(1) relief only within one year of the entry of judgment. See Fed. R. Civ. P. 60(b) ("The motion shall be made

-5-

within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Here, Alm filed his motion for relief over fourteen months after the court entered final judgment against him; thus any claim to Rule 60(b)(1) relief is time-barred.

For the reasons above, we conclude that the district court did not abuse its discretion in denying Alm's Rule 60(b) motion to vacate the default judgment entered against him.

**Affirmed.**