# United States Court of Appeals
## For the First Circuit

No. 05-2489

JO ELLEN BLANCHARD,

Plaintiff, Appellee,

v.

CARLOS A. CORTÉS-MOLINA,

Defendant, Appellant,

JANE DOE; CONJUGAL PARTNERSHIP CORTÉS-DOE;
RELIANCE INSURANCE COMPANY; INSURANCE CARRIER ABC AND/OR XYZ;
RICHARD ROE; JOHN SMITH,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Cyr, Senior Circuit Judge.

Eugene F. Hestres, with whom Alicia M. Santos-Irizarry and
Bird Bird & Hestres, P.S.C., were on brief, for appellant.
Juan R. Requena-Dávila, with whom Álvaro R. Calderón, Jr.
L.L.P., was on brief, for appellee.

June 29, 2006

**TORRUELLA**, **Circuit Judge**.  This case concerns the collision of two boats and arises under our admiralty jurisdiction.  See 28 U.S.C. § 1333.  Plaintiff Jo Ellen Blanchard sued Defendants Carlos A. Cortés-Molina, his wife Ivonne Ortiz, and their conjugal partnership in tort.[1]  Defendants failed to appear, and the court below granted a default judgment of $265,000 in favor of Plaintiff.  Defendant Cortés made his first appearance after the U.S. Marshals arrested his boat, the M/V Bramela, to satisfy the default judgment.  Following several motions by Defendants, the court below reduced the amount of the default judgment to $135,000 but refused to set aside the default judgment or vacate the judicial sale and transfer of title of the M/V Bramela.  Defendants now appeal, arguing that the default judgment is void and that the default judgment cannot be executed against the M/V Bramela.  We affirm.

## I.  Background

In her complaint, Plaintiff alleges the following sequence of events.  On July 29, 2001, Plaintiff and her eight-year-old daughter were aboard her boat, a nine-meter catamaran called the Quick Step, moored off the coast of Culebra, an island near the east coast of Puerto Rico.  A squall hit the bay where the boat was moored.  The M/V Bramela, a forty-foot motor vessel owned

---

[1]  Plaintiff did not know Ortiz's name at the time she filed suit and used the name Jane Doe in her complaint. Plaintiff voluntarily dismissed the suit against Reliance Insurance Co., an insurer of Defendants' boat.

by one or more of the Defendants, lost its anchor and began to drift in the bay. The M/V Bramela drifted toward the Quick Step, and because the captain of the M/V Bramela was not paying attention, the M/V Bramela collided with the Quick Step. From the impact, Plaintiff was "thrown down the stairs while hanging on to the rail above." The M/V Bramela continued to drift towards the rocky shore, and one of its crew threw a line to the Quick Step to prevent a collision with the shore. The crew of the M/V Bramela started the engine and departed without returning to the scene of the accident.

On July 8, 2002, Plaintiff filed suit against Defendants for negligence. She requested physical and emotional damages for herself, estimated to be not less than $300,000; emotional damages for her daughter, estimated to be not less than $50,000; and damages to the Quick Step of $35,000. Plaintiff served Cortés but did not serve Ortiz, and Defendants did not respond to the complaint. Plaintiff consented to proceeding before a magistrate judge. On September 3, 2002, the clerk entered Cortés's default but did not enter a default against the other Defendants. On March 30, 2004, the court held a hearing on damages in which Plaintiff and Plaintiff's physician testified. The court granted

a default judgment of $265,000 against Cortés, Ortiz, and their conjugal partnership.[2]

Plaintiff obtained a certified copy of the M/V Bramela's registration from the Puerto Rico Department of Natural Resources, which listed Cortés as the sole owner. On September 8, 2004, the court granted an order to execute the judgment against the M/V Bramela. After U.S. Marshals arrested the M/V Bramela, Defendants made their first appearance in this case. On April 15, 2005, Defendants submitted a motion in opposition to the arrest of the M/V Bramela and the default judgment. This motion was on behalf of Cortés, Ortiz, and their conjugal partnership, and it explicitly stated that they were not submitting themselves to the court's jurisdiction.[3] The court denied Defendants' motion.

On August 5, 2005, with new counsel, Defendants moved to vacate the default judgment. The court denied the motion but amended the judgment to deduct the award of $100,000 for lost future income because Plaintiff had not requested damages for lost future income in her complaint. On August 19, 2005, Defendants moved for reconsideration of the denial of their motion to set

---

[2] The court granted $75,000 for physical damages, $25,000 for emotional damages, $100,000 for lost future income, $35,000 for damages to the Quick Step, and $30,000 for past and future medical care.

[3] We do not consider whether this motion gave the court personal jurisdiction over Ortiz, as it is not necessary for the outcome of this case.

aside the default judgment. The court also denied this motion but again amended the judgment to deduct the award of $30,000 for future medical care (although the $30,000 was originally granted for past and future medical care). The court found that this was an award of special damage and that Plaintiff had failed to comply with the pleading requirements of Federal Rule of Civil Procedure 9(g).[4] The court also found that the application of the default judgment against Ortiz and the conjugal partnership was a clerical mistake as they had never been entered in default. The court thus amended the default judgment to apply against only Cortés.[5]

Defendants persisted and submitted another motion for reconsideration on September 9, 2005, which the court again denied. On September 13, 2005, Ortiz filed a counterclaim for wrongful attachment and deprivation of proprietary rights over the M/V Bramela. The court denied the counterclaim, stating that such a claim must be brought in a new civil action. Defendants are not appealing the dismissal of their counterclaim.

## II.  Validity of the Default Judgment

Defendants concede that Plaintiff properly served Cortés with process by July 30, 2002; that the district court had personal jurisdiction over Cortés and subject matter jurisdiction over the

---

[4]  Rule 9(g) requires that "[w]hen items of special damage are claimed, they shall be specifically stated."

[5]  Plaintiff does not contest these three amendments to the original default judgment.

case; that the district court clerk entered Cortés's default on September 3, 2002; that the district court granted a default judgment against Cortés on March 30, 2004; and that Cortés made no appearance during this time. Nevertheless, Defendants argue that the district court erred in refusing to vacate the default judgment against Cortés.

## A. Failure to Serve Ortiz

Defendants first argue that Plaintiff's failure to serve Ortiz renders the judgment against Cortés void. According to Defendants, the default judgment against Cortés will necessarily affect community property owned jointly by Cortés and Ortiz, and thus Ortiz is an indispensable party to this case under Puerto Rico law. In a case arising under our federal question jurisdiction, we considered "whether an otherwise valid default judgment entered against [one spouse] is rendered void due to the failure of the United States to join [the other spouse] and the conjugal partnership" and determined that "[i]t is not." See United States v. Berenguer, 821 F.2d 19, 22 (1st Cir. 1987).[6] While in this case the Plaintiff is a person rather than the United States, we do not see this as a relevant distinction.

Further, "federal courts have consistently held that in diversity cases the question of joinder under Rule 19 of the

---

[6] For some unexplained reason, Defendants fail to mention this case.

Federal Rules of Civil Procedure is governed by federal law." Shetter v. Amerada Hess Corp., 14 F.3d 934, 937 (3d Cir. 1994) (internal quotation marks omitted). Although, "state law may provide assistance in determining the interests of the party in question[,] ultimately the court's decision as to whether the party should be joined is a matter of federal law." Id. Nevertheless, Defendants have not made any argument under Rule 19.

Of course, this case arises under our admiralty jurisdiction. The Federal Rules of Procedure, however, govern actions in admiralty as well as other federal civil actions. Fed. R. Civ. P. 1. We thus decline to hold that Ortiz is an indispensable party in this suit.

## B. Motion to Vacate

Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, a district court "may relieve a party . . . from a final judgment" for any "reason justifying relief from the operation of the judgment." Defendants contend that the district court erred in denying Defendants' request for relief from the default judgment under Rule 60(b)(6). We review for abuse of discretion. Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002).

Other grounds for relief from judgment, such as Rule 60(b)(1), which allows relief from judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect," must be sought within one year of the judgment. Fed. R. Civ. P. 60(b). By

-7-

contrast, relief under Rule 60(b)(6) includes no such time limit. Id. "These provisions are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). "To justify relief under subsection (6), a party must show extraordinary circumstances suggesting that the party is faultless in the delay." Id. (internal quotation marks omitted). "If a party is 'partly to blame,' Rule 60(b)(6) relief is not available to that party; instead, 'relief must be sought within one year under subsection (1) and the party's neglect must be excusable.'"[7] Claremont, 281 F.3d at 299 (quoting Pioneer, 507 U.S. at 393).

In an attempt to show that he was not at fault, Cortés states that "he was under the incorrect belief that his insurance company was taking care of the proceedings." This is clearly insufficient. Cortés had the obligation to confirm with his insurance company that it was defending him, and his failure to do so is "attributable to [his] own negligence and not to extraordinary circumstances beyond [his] control." Id. at 300.

---

[7] Rule 60(b)(1) allows for relief for "mistake, inadvertence, surprise, or excusable neglect." Defendants cannot seek relief under Rule 60(b)(1) since they did not act within one year of the default judgment.

-8-

## C. Due Process

After granting a default judgment in favor of Plaintiff, the district court made three separate amendments to the original default judgment entered on March 30, 2004 against Cortés, Ortiz, and their conjugal partnership for $265,000. First, on August 17, 2005, the court amended the judgment by deducting the $100,000 award for Plaintiff's lost future income. Plaintiff had not requested such damages in her complaint and was thus prevented from receiving such damages by Rule 54(c) of the Federal Rules of Civil Procedure.[8] Second, on September 8, 2005, the court further deducted from the judgment $30,000 awarded for past and future medical care. The court found that the Plaintiff had failed to specifically state this special damage as required by Federal Rule of Civil Procedure 9(g). Third, also on September 8, 2005, the court vacated the default judgment against Ortiz and the conjugal partnership. The court noted that no default was entered for these two parties as required by Federal Rule of Civil Procedure 55(a).

All three of these amendments were in Defendants' favor, and Defendants are not asking that we vacate these amendments. Rather, Defendants argue that their due process rights were violated by the errors in the original judgment and that the only solution is to render the entire default judgment null and void.

___

[8] Rule 54(c) states that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

Other circuits have noted that "although most motions to declare a judgment void rest on claims that the court lacked jurisdiction over the parties, the subject matter, or both, a judgment is equally void if a court with jurisdiction has acted in a manner inconsistent with due process of law." See Beller & Keller v. Tyler, 120 F.3d 21, 23 (2d Cir. 1997) (internal quotation marks omitted). Even if we were to follow Beller & Keller, a matter we leave open for another time, Defendants have not shown a violation of their due process rights.

Defendants contend that the initial award of damages violated their due process rights even though the district court corrected the error. The magistrate judge heard evidence of Plaintiff's damages for past and future medical care and for lost future income. Defendants claim they were prejudiced because the magistrate judge considered "evidence of damages that were not even supposed to be admitted at the hearing, and which may have affected the amount awarded for other kind[s] of damages requested by plaintiff." We find any such prejudice unlikely and highly speculative.

In vacating the default judgment against Ortiz and the conjugal partnership, the court below stated that the inclusion of these two parties in the original judgment was a clerical mistake. See Fed. R. Civ. P. 60(a). Defendants argue that the original default judgment was a "clear substantive error" that does not

-10-

qualify as a clerical mistake and therefore requires vacation of the entire default judgment. Defendants have not indicated any prejudice from this now corrected mistake. Because Defendants are in the exact same position as they would have been in the absence of this mistake, their due process rights have not been violated, and we need not address whether the mistake was clerical.[9]

## D.  Local Rule 311(3)

"We have recognized that district courts enjoy broad latitude in adopting and administering such local rules." NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002) (internal quotation marks omitted). District courts may "demand adherence to specific mandates contained in the [local] rules," id. (internal quotation marks omitted), but cannot apply local rules "inconsistent with applicable provisions of the Federal Rules of Civil Procedure," Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989).

At the time of the default judgment, District of Puerto Rico Local Rule 311(3) required a person moving for an entry of default or a default judgment to serve the defaulting party:[10]

---

[9]  As we discuss below, Defendants have not shown that Ortiz was part owner of the M/V Bramela. Thus, the initial default judgment against her has no bearing on the validity of the execution of the judgment against the M/V Bramela.

[10]  The District of Puerto Rico has since rewritten the Local Rules. The relevant portions of former Local Rule 311(3) are now embodied in Local Rule 55:

> The movant and respondent shall serve copies of their respective papers upon all parties on or before the date that they are filed with the Clerk, and such papers must indicate the date and method of service.

By contrast, Rule 5(a) of the Federal Rules of Civil Procedure explicitly does not require service of such motions to the defaulting party:[11]

> No service need be made on parties in default for failure to appear except that pleadings

---

(a) Entry by Clerk

Upon motion made by a party, the Clerk shall enter a default against any party who fails to respond to a complaint, cross-claim, or counter-claim within the time and in the manner provided by Fed. R. Civ. P. 12. The moving party shall give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party and shall certify to the Court that notice has been sent.

(b) Damages

Any motion for a default judgment pursuant to Fed. R. Civ. P. 55(b) shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom such damages are sought. If the moving party knows, or reasonably should know, the identity of any attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney.

[11] In addition, Rule 55(b)(2) of the Federal Rules of Civil Procedure requires service only where the opposing party has appeared:

> If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

> asserting new or additional claims for relief
> against them shall be served upon them . . . .

Plaintiff did not serve Defendants with the motion for entry of default or with the motion for default judgment. Defendants contend that Plaintiff's failure to comply with the local rule renders the default judgment void.

Below, the magistrate judge found that Local Rule 311(3) conflicted with Federal Rule 5(a) and thus refused to apply the local rule. Defendants argue that Local Rule 311(3) adds an additional requirement but does not actually conflict with the Federal Rule 5(a) and that the magistrate judge should have applied it.

We need not determine whether Local Rule 311(3) is consistent with the Federal Rules because it does not affect the validity of the default judgment. Presuming that Local Rule 311(3) is valid and that Plaintiff violated it, Defendants must still meet the requirements of Rule 60(b)(6). As we described above, Defendants "must show extraordinary circumstances suggesting that [they] are faultless in the delay" in seeking relief from the default judgment. Pioneer, 507 U.S. at 393. Defendants have not done so and thus cannot obtain relief from the default judgment even if Plaintiff did not comply with the local rule.

### III. Execution of the Default Judgment

Under Rule 69(a) of the Federal Rules of Civil Procedure, the enforcement of a judgment is done "in accordance with the

practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that it is applicable." The parties agree that Puerto Rico law governs the enforcement of the judgment and do not indicate any applicable federal law. Defendants argue that the enforcement of the default judgment against Cortés through the seizure of the M/V Bramela violated Puerto Rico law.

Defendants first argue that the execution of the default judgment against the M/V Bramela violated Puerto Rico law because the boat was communal property, in which Ortiz had a 50 percent interest. Defendants assert that under Puerto Rico law, a judgment against a spouse must first be satisfied, if possible, against the spouse's private assets, and only if the spouse's private assets are not sufficient, may the judgment be satisfied with communal property. See P.R. Laws Ann. tit. 31, § 3663. According to Defendants, the M/V Bramela is communal property, and Plaintiff failed to satisfy the judgment first with Cortés's personal property.

Documentation regarding the ownership of the boat is inconsistent. Plaintiff requested a certified copy of the M/V Bramela's registration from the Puerto Rico Department of Natural Resources. The registration listed Cortés as the sole owner of the M/V Bramela. Defendants submitted the mortgage and promissory note from their bank, which indicate that Cortés and Ortiz are both

owners of the vessel.  The date of the mortgage and promissory note is November 21, 2003, which is after the accident and the filing of this case but before the entry of the default judgment.  Defendants have made no attempt to resolve this conflict.  Defendants merely assert the M/V Bramela is community property but do not cite any Puerto Rico law to explain why their mortgage documents are entitled to greater deference than the boat's registration or the import of the date of the mortgage.  Defendants have thus not carried their burden on appeal to show that Ortiz is part owner of the M/V Bramela.

Defendants also contend that Plaintiff failed to provide the proper notice before the sale of the M/V Bramela.  Under Rule 51.8 of the Puerto Rico Rules of Civil Procedure, where the defendant property owner has not appeared, the party seeking a judicial sale must send notice to the defendant's last known address by certified mail.  Defendants claim that Ortiz was part owner of the M/V Bramela and did not receive notice by certified mail.  Since Defendants have not shown that Ortiz is part owner of the M/V Bramela, we find no violation of Rule 51.8.

## IV.  Conclusion

The default judgment against Cortés and the execution of the default judgment against the M/V Bramela are **<u>affirmed</u>**.