**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
# For the First Circuit

---

No. 06-1722

INDIANAPOLIS LIFE INSURANCE COMPANY,

Plaintiff, Appellee,

v.

ROSALIND HERMAN, TRUSTEE, FINANCIAL RESOURCES NETWORK, INC.
PROFIT SHARING PLAN AND TRUST, FINANCIAL RESOURCES
NETWORK, INC. PROFIT SHARING PLAN TRUST, AND
GREGG D. CAPLITZ,

Defendants, Appellants,

RUDY K. MEISELMAN, M.D. AND HOPE MEISELMAN,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

Before

Lipez, Circuit Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

---

Wayne R. Murphy with whom Murphy & Associates was on brief, for appellants.
Charles P. Kazarian, P.C. with whom Law Office of Charles P. Kazarian was on brief for appellee, Rudy K. Meiselman, M.D.

William T. Bogaert with whom Michele Carlucci and Wilson, Elser, Moskowitz, Edelman & Dicker LLP were on brief for appellee, Indianapolis Life Insurance Company.

November 9, 2006

**Per Curiam**.  Indianapolis Life Insurance Co. brought a diversity action against Rosalind Herman, in her capacity as trustee of Financial Resources Network, Inc. Profit Sharing Plan and Trust, Financial Resources Network, Inc. Profit Sharing Plan and Trust, Gregg D. Caplitz (collectively the FRN defendants), and Rudy and Hope Meiselman seeking a declaratory judgment that it properly rescinded a "second to die" policy that it had issued on the lives of the Meiselmans.  Indianapolis Life also brought a breach of contract action against Caplitz to recover a commission it paid him on the rescinded policy.  The Meiselmans also brought a cross-claim against the FRN defendants stemming from a soured employment relationship between Rudy Meiselman and Financial Resources Network.

The district court granted Indianapolis Life summary judgment, ruling that, because the defendants had made an intentional misrepresentation in applying for the policy, Indianapolis Life had properly rescinded it and was entitled to a return of the commission.  The court also entered a default judgment against the FRN defendants on the cross-claim, which was never answered.  The FRN defendants appeal, arguing that disputed issues of material fact should have precluded the entry of summary judgment for Indianapolis Life, and that the district court should have granted their motion to set aside the default judgment.

Because we write primarily for the benefit of the parties, we omit a recitation of the background and proceed directly to the merits of the district court's rulings. We begin by considering de novo the grant of summary judgment in favor of Indianapolis Life. See Fraidowitz v. Mass. Mut. Life Ins. Co., 443 F.3d 128, 131 (1st Cir. 2006). Under Massachusetts law, an insurer may rescind an insurance policy by showing that the insured made a misrepresentation in the negotiation of the policy "with [the] actual intent to deceive" the insurer, or that the misrepresentation "increased [the insurer's] risk of loss." Mass. Gen. Laws ch. 175, § 86. Rescission is permissible if the insurer establishes either an actual intent to deceive or an increased risk of loss. See Boston Mut. Life Ins. Co. v. N.Y. Islanders Hockey Club, 165 F.3d 93, 96 (1st Cir. 1999).

It is undisputed that Indianapolis Life required the defendants to submit a statement of the Meiselmans' financial condition prepared by a certified public accountant (CPA) as part of the underwriting process. Caplitz provided Indianapolis Life with an income verification statement for the Meiselmans purporting to be from CPA James Goodness. At Caplitz's request, the verification statement was in fact prepared by James Goodness' son, Daniel, who was not a CPA. Caplitz asked Daniel Goodness to place the verification statement on his father's stationery and to sign his father's name so that it would appear to have been prepared by

a CPA. There is thus no dispute that Caplitz acted with the intent to deceive Indianapolis Life by submitting an income verification statement for the Meiselmans, which he intentionally misrepresented to have been prepared by a CPA.

The FRN defendants contend that these undisputed facts do not warrant the entry of summary judgment because Indianapolis Life has not submitted undisputed evidence that Caplitz's intentional misrepresentation increased Indianapolis Life's risk of loss. They are mistaken. Because the evidence establishes that Caplitz made this misrepresentation with the actual intent to deceive, Indianapolis Life was not required to show that the misrepresentation increased its risk of loss. See Boston Mut. Life, 165 F.3d at 99. Accordingly, Indianapolis Life was properly awarded summary judgment.[1]

We turn now to the district court's ruling denying the FRN defendants' Fed. R. Civ. P. 60(b) motion for relief from the default judgment. We review the denial of a Rule 60(b) motion for an abuse of discretion. See Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006).

---

[1]At oral argument, the FRN defendants suggested that summary judgment should have been denied because Indianapolis Life did not identify the false income verification submission as the basis for rescission in its letter informing the defendants of the recision decision. This argument was not raised in the FRN defendants' initial brief and is therefore forfeit. See Rumierz v. Gonzales, 456 F.3d 31, 47 (1st Cir. 2006).

-5-

The FRN defendants' main argument is that the judgment in favor of the Meiselmans is void.  See Fed. R. Civ. P. 60(b)(4).  They argue that the judgment is void because the subject matter of the Meiselmans' cross-claim is identical to a prior litigation between the same parties and therefore barred as res judicata.

This argument misconstrues "a void judgment" under Rule 60(b)(4).  The "concept of void judgments is narrowly construed." United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990).  A judgment is void, and therefore subject to being set aside under Rule 60(b)(4), only if the court lacked jurisdiction or committed a plain usurpation of power constituting a violation of due process.  See Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995).  "A judgment is not void simply because it is or may have been erroneous; it is void only if, from its inception, it was a legal nullity."  Id.

Res judicata is an affirmative defense that is usually deemed forfeit if not raised in the answer.  See Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003) (citing Fed. R. Civ. P. 8(c)).  It is not a limitation on the court's jurisdiction. Cf. Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 98 n.4 (2d Cir. 2003) (stating that, unlike jurisdictional defects, a court is not required to apply res judicata sua sponte).  Accordingly, that res judicata may have been

an available defense does not render the judgment void under Rule 60(b)(4).

The FRN defendants also argue that relief from judgment should have been granted under Rule 60(b)(1) because their failure to answer the Meiselmans' cross-claim resulted from excusable neglect. The FRN defendants have submitted an affidavit from their attorney providing several excuses for having failed to file an answer. Counsel claims that he was confused as to whether he had filed the answer and was distracted by a family health problem. But counsel acknowledges that despite receiving several notifications from opposing counsel and the court that no answer had been filed, he still did not take responsive action. In these circumstances, the district court did not abuse its discretion in concluding that the FRN defendants had failed to establish excusable neglect. See Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 100-01 (1st Cir. 2003) (holding that excusable neglect was not established where counsel claimed that he was confused over the correct filing deadline and was busy with other matters).

**Affirmed**.