NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4325
_____

ETHAN MICHAEL INC.,
Appellant

v.

UNION TOWNSHIP; UNION TOWNSHIP BOARD OF SUPERVISORS;
DONALD BASILE; JOHN SALANECK, III; LESLIE A. REBMANN;
NELSON L. OTT;  BARBARA COLE, individually and in their
official capacity as members of  the Union Township Board of
Supervisors; UNION TOWNSHIP ZONING HEARING BOARD;
J. CHRISTOPHER CUESTA,  individually and in his  capacity
as a member of the Union Township Zoning Hearing Board

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-02432)
District Judge: Honorable James Knoll Gardner

_____

Submitted Under Third Circuit LAR 34.1 (a)
July 12, 2010

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges.

(Filed: August 30, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

The District Court granted the Defendants' motion to dismiss as uncontested after the Plaintiff, Ethan Michael, Inc. ("EMI"), failed to respond. Thereafter, EMI filed a Motion for Relief From Judgment under Federal Rule of Civil Procedure 60(b).[1] The District Court held a hearing and denied EMI's Motion. EMI appeals from the District Court's denial of its Motion for Relief from Judgment.

Background:

EMI owns 668 acres of land in Union Township, Berks County, Pennsylvania. For years, EMI attempted to develop some of this land into a recreational motor sports park and commercial campground, but this was opposed by the Township. On May 23, 2008, EMI filed suit against the Township and numerous other defendants (Township clerks and officials) pursuant to 42 U.S.C. § 1983 and the Pennsylvania Constitution.

The Defendants filed a motion to dismiss on September 2, 2008. A response to the motion to dismiss was due on September 19, 2008. EMI's attorney, Eugene LaVergne[2], gave EMI a copy of the motion to dismiss and told EMI that he would prepare a response. LaVergne also told EMI that he would get an extension of time to respond to the motion

---

[1] For simplicity purposes we will describe conduct as being performed by EMI, although much of this conduct was actually performed by William Fox, in-house counsel to another company owned by EMI.

[2] LaVergne was assisted by John Cook as local counsel because LaVergne was not admitted to practice law in Pennsylvania. Cook's role was limited to filing pleadings in this case and he was never retained by EMI. EMI does not allege that Cook's conduct was improper.

to dismiss if necessary. LaVergne never responded to this motion.

On October 8, 2008, the District Court entered an order granting a motion to dismiss EMI's lawsuit as uncontested because EMI had not responded to the Defendants' motion to dismiss. In mid-November 2008, EMI checked the docket and discovered that the case had been dismissed. LaVergne assured EMI that this was an error and that he would straighten everything out. On December 16, 2008, LaVergne faxed EMI draft opposition papers to the motion to dismiss. In January 2009, EMI checked the docket again and learned that the opposition to the motion to dismiss was never filed and that the complaint was still dismissed. EMI attempted to contact LaVergne, but LaVergne's office phone number was disconnected.

In February 2009, Louis Mascaro, the sole owner and principal of EMI was hospitalized. In March 2009, EMI retained new counsel. On April 16, 2009, EMI filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[3]

The District Court's Oral Decision:

---

[3] Rule 60(b) provides, in relevant part:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
 . . . .
(6) any other reason that justifies relief.

Subsections (b)(2) through (b)(5) were not argued in this case and are not applicable.

3

On October 8, 2009, the District Court held oral argument on EMI's motion for relief from judgment and ruled orally that same day. EMI contended in that motion that its failure to respond to the motion to dismiss amounted to "excusable neglect" under Rule 60(b)(1) and its reasons for not responding qualified as "any other reason that justifies relief" under Rule 60(b)(6).

The District Court applied four factors established in *Pioneer Insurance Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) and applied by this Court in *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007), to conclude that the Plaintiff had not "established excusable neglect sufficient to permit this Court to vacate its earlier ruling." App. 249. The four factors are:

> 1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay-and whether it was within the movant's control; and 4) whether the movant acted in good faith.

*Nara*, 488 F.3d at 194. The District Court noted that these factors should be analyzed under the totality of the circumstances and that EMI had the burden of proving that it was entitled to relief under the four factors. App. 249, 259.

Relying on numerous district court opinions, the District Court first determined that an attorney's failure to respond to a motion due to carelessness, mistake, or ignorance of the rules does not amount to excusable neglect. The District Court found that the Defendants would be prejudiced by re-opening the case in terms of "time and expense and anxiety." App. 251. The District Court next found, that, under the totality of the

4

circumstances, the length of the delay was unreasonable because EMI knew the case had been dismissed in mid-November 2008 and did not move for relief from judgment until April 2009. The Court further noted that EMI provided no real reason for the delay other than it was hoping that one of its attorneys would respond to the motion.

The District Court then defined good faith as acting with "reasonable haste to investigate the problem, and to take available steps towards a remedy." App. 256 (citing *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assoc. L.P.*, 121 Fed. Appx. 971 (3d Cir. 2005) (non-precedential). The Court determined that EMI failed to present any evidence that it acted with "any haste, much less reasonable haste here, to take steps toward remedying Mr. Lavergne's failure to respond to the defendant's motion." *Id.* The Court emphasized that EMI was aware of "the problem" for five months before taking any action. *Id.* The District Court concluded that such a "casual approach" to remedying the dismissal of the case does not indicate that EMI's neglect was excusable. *Id.* at 257.

The District Court then addressed EMI's argument regarding the catch-all provision, Rule 60(b)(6), and found that its analysis of the four *Pioneer* factors persuaded it not to use its discretion to grant the relief sought.

Discussion[4]:

 We review the District Court's denial of EMI's motion for relief from judgment

---

[4]  The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291.

5

under Rules 60(b)(1) and (6) for abuse of discretion. *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002). The District Court abuses its discretion if it makes a clearly erroneous finding of fact, a mistaken conclusion of law, an improper application of fact to law, or if no reasonable person would reach the same decision. *In re Cendant Corp. PRIDES Litigation*, 235 F.3d 176, 181 (3d Cir. 2000). "[W]e will not interfere with the [D]istrict [C]ourt's exercise of discretion unless there is a definite and firm conviction that the court . . . committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (internal quotation marks omitted). An appeal from the denial of a motion brought pursuant to Rule 60(b) does not bring up the underlying judgment for review. *Browder v. Director, Dept. of Corrections of Ill.* 434 U.S. 257, 263 n. 7 (1978).

The District Court correctly identified the four *Pioneer* factors as the proper test under Rule 60(b)(1) to determine if a party's neglect was excusable. *PRIDES Litigation*, 235 F.3d at 182. This is an equitable test, which requires a court to take into account the totality of the circumstances. *Id.* In order to vacate a judgment under Rule 60(b)(6) for a reason not addressed by one of the other five subsections, a court must find that there are "extraordinary circumstances." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251, 254 (3d Cir. 2008). The "extraordinary circumstances" must suggest "that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer*, 507 U.S. at

6

393 (internal citations omitted).  In order to grant relief under Rule 60(b)(6), a party's failure to act must be excused by an extraordinary situation - more than mere neglect, inadvertence, indifference, or careless disregard of circumstances.  *Ackermann v. United States*, 340 U.S. 193, 199 (1950).

On appeal, EMI contends that the District Court abused its discretion in denying relief from the judgment under Rules 60(b)(1) and (6) because the circumstances justified relief under the excusable neglect test and under the catch-all provision.  In particular, EMI argues that (1) the Defendants would not be prejudiced by granting the Rule 60(b) motion because having to defend against the lawsuit does not constitute prejudice, (2) the length of the delay was justified and would not impact the judicial proceedings, (3) the delay was not completely within EMI's control[5], and (4) EMI acted in good faith.

---

[5] EMI acknowledges that it had "some" control over the delay, but contends that this does not "automatically warrant the denial of a Rule 60(b) motion" based on excusable neglect.  Appellant's Br. 28.  However, if a party contributes to the delay, relief *is* foreclosed under Rule 60(b)(6), the provision under which the Dissent would reverse. *Pioneer*, 507 U.S. at 393.  We cannot conclude that the District Court abused its discretion in failing to find that EMI was faultless in the delay because EMI *concedes* that it had some control over the delay.  Even if we accept that EMI was misled by LaVergne until January 2009, despite the fact that EMI discovered that the case had been dismissed in November 2008, the motion to reopen was not filed until April 2009.  We note that the cases relied on by the Dissent, *Carter v. Albert Einstein Medical Center*, 804 F.2d 805 (3d Cir. 1986) and *Boughner v. Secretary of Health, Education, and Welfare*, 572 F.2d 976 (3d Cir. 1978), both predate *Pioneer* and thus neither case applied the requirement that the party be faultless in the delay, which the Dissent concedes is applicable to this case. Further, both cases are distinguishable on the facts.  *Carter* involved dismissal of the complaint as a discovery sanction and there is no indication in *Boughner* of the length of the delay between the plaintiffs' discovery of the dismissal and their filing of motions to reopen under Rule 60(b).

Further, EMI urges that, while an attorney's ordinary negligence does not qualify as an extraordinary circumstance justifying relief under Rule 60(b)(6), the kind of gross negligence that LaVergne engaged in does warrant relief.

Reasonable minds could differ about whether the facts presented here justify granting relief from the judgment under Rule 60(b), either under the four factor excusable neglect test, or under the catch-all provision. Therefore, we do not have a "definite and firm conviction" that the District Court "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" and do not find that the District Court abused its discretion in denying relief. *PRIDES Litigation*, 235 F.3d at 181.

Accordingly, we will AFFIRM the order of the District Court.

JORDAN, *Circuit Judge* – Dissenting

The majority concludes that the District Court was within the proper bounds of discretion in denying EMI's motion for relief under Rule 60(b)(6). On this record, I disagree with that conclusion and thus respectfully dissent.

Rule 60(b)(6) of the Federal Rules of Civil Procedure is a catch-all provision that allows a district court to reopen a final judgment or order for "any ... reason [other than those enumerated in Rules 60(b)(1)-(5)] that justifies relief." The rule provides a form of "extraordinary relief" because, if granted, a Rule 60(b) motion has the effect of reinstating a claim that has reached a final disposition. *Del. Valley Citizens' Council for Clean Air v. Pennsylvania*, 755 F.2d 38, 45 (3d Cir. 1985). A movant seeking relief must show both that the movant is "faultless in the delay,"[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993), and that "exceptional circumstances" warrant reopening its case, *Del. Valley Citizens' Council*, 755 F.2d at 45.

---

[1] I do not take the word "faultless" here to mean "pure as the driven snow." A complete stranger to a dispute can claim to be without any responsibility for what goes on in the handling of the dispute, but parties to the dispute will virtually always be affecting the actions of one another and so will have some causal impact on events. The question is whether the degree of impact warrants attributing "fault" and so denying relief. Thus, two of our sister courts of appeals have said that the Rule focuses not on whether a party waited to seek relief but on whether the party should properly shoulder blame for that delay. *See Blanchard v. Cortes-Molina*, 453 F.3d 40, 44 (1st Cir. 2006) ("If a party is partly to blame, Rule 60(b)(6) relief is not available to that party ... . (internal quotation omitted)); *Jackson v. Wash. Monthly Co.*, 569 F.2d 119, (D.C. Cir. 1977) ("[A]n attorney's deception of a blameless client would survive as a basis for relief under Rule 60(b)(6).").

1

We review grants or denials under Rule 60(b)(6) for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

We have previously held that attorney neglect may constitute an extraordinary circumstance supporting relief under Rule 60(b)(6). For example, in *Carter v. Albert Einstein Medical Center*, 804 F.2d 805 (3d Cir. 1986), the plaintiff's attorney failed to respond to the defendant's interrogatories, and, after the court ordered her to respond and she again failed to do so, the court dismissed the plaintiff's case as a discovery sanction. *Id.* at 806. The attorney, however, had told the client that she had complied with the court order. *Id.* The client did not learn of the dismissal until four months later, when he independently checked the docket for his case. *Id.* He then discharged his attorney and filed a *pro se* motion under Rule 60(b), arguing that his attorney's mismanagement warranted reopening the case. *Id.* The district court denied the motion, and we reversed, holding that the denial constituted an abuse of discretion. *Id.* at 807. We concluded that the client "should not shoulder the burden of [his attorney's] incompetence alone" because he was not responsible for the attorney's negligence, had no reason to know of the misconduct, and acted reasonably after discovering it.[2] *Id.* at 808.

---

[2]We also stated that, while a client injured by his attorney's incompetence may be able to file a legal malpractice action or a disciplinary complaint, those remedies are not alone sufficient to rectify the damage to the client, because the attorney may lack adequate funds to cover a judgment and because malpractice proceedings are likely to consume a lengthy amount of time, preventing the client from obtaining timely recompense for the attorney's mismanagement. *Carter*, 804 F.2d at 808.

2

Similarly, in *Boughner v. Secretary of Health, Education, and Welfare*, 572 F.2d 976 (3d Cir. 1978), the defendant filed a motion for summary judgment, to which the plaintiff's attorney filed no response. *Id*. at 977. The district court granted the motion as unopposed, and the plaintiff later moved to reopen under Rule 60(b)(6). *Id.* The plaintiff explained that his counsel failed to oppose the motion because the attorney was running for election as a local judge and spent most of his time campaigning. *Id.* The attorney had neglected to oppose dispositive motions in a total of fifty-two cases, though he never informed the plaintiff or any other clients that he was no longer handling their claims. *Id.* We concluded that, because the client was blameless for the attorney's misconduct, the attorney's abandonment of his client constituted sufficiently extraordinary circumstances to warrant relief under Rule 60(b)(6). *Id.* at 978-79.

In my view, EMI occupies a position similar to the plaintiffs in *Carter* and *Boughner*. LaVergne promptly obtained local counsel and filed the complaint after EMI retained him. On September 2, 2008, the defendants filed a Rule 12(b)(6) motion. The District Court referred the case to a magistrate judge for the purpose of holding a settlement conference, which occurred on September 11, 2008. Following that conference, LaVergne informed EMI that defendants had not made a settlement offer, and around the same time he assured EMI that he was preparing an opposition to the motion to dismiss. He never actually filed the opposition, and the Court thus dismissed the complaint on October 8, 2008. Yet, when EMI's general counsel spoke with LaVergne in

3

mid-October, LaVergne responded "that [EMI] would be receiving [the] Opposition Brief shortly," giving EMI the impression he would also file it with the Court. (App. at 120.) EMI waited until mid-November 2008, when it still had not received the brief. It was then that EMI discovered for the first time that the Court had dismissed the complaint.

EMI's general counsel immediately contacted LaVergne, who stated that the dismissal was a "procedural error" and that he was working with the magistrate judge and the magistrate judge's law clerk to resolve it. A month later, in December 2008, LaVergne completed the brief and sent a copy of it to EMI, causing EMI to believe that LaVergne had resolved the problem. EMI did not discover LaVergne's deception until early 2009, when EMI's general counsel again checked the docket and realized that the case remained closed. EMI immediately attempted to contact LaVergne, but his telephone number had been disconnected. The company then moved with reasonable dispatch to retain new counsel and file the present Rule 60(b) motion.

Based on these facts, I cannot agree that EMI shares responsibility for dismissal of its case.[3] LaVergne initially represented EMI in what appears to be an appropriate

_____

[3]The Majority suggests that EMI has "acknowledge[d] that it had 'some' control over the delay" between October 2008, when the District Court dismissed its claims, and April 2009, when it moved to reinstate the suit, (Maj. Op. at 7 n.5 (quoting Appellant's Op. Br. at 28)), and that EMI is therefore not "faultless in the delay," *Pioneer Inv. Servs.*, 507 U.S. at 393. However, I do not read EMI's brief as making such a concession. To the contrary, EMI asserts that, each time it investigated the status of its case, "Lavergne 'assuaged' [its] concerns by *lying* to his client," (Appellant's Op. Br. at 27), and that it was "effectively hoodwinked" by LaVergne's representations, (*id.* at 28). The language from EMI's brief that the Majority construes as a concession is, in my view, merely an alternative argument that, "even if there was *some* control on the part of [EMI], this does

4

manner, by filing a complaint, retaining local counsel, and participating in the settlement conference, all of which would reasonably lead EMI to believe that he would continue to handle the litigation appropriately. EMI periodically communicated with LaVergne about the status of the case, and LaVergne informed EMI that the case was proceeding as expected, that he was preparing an opposition brief, and that the dismissal was a procedural error that he was working to remedy. In fact, LaVergne went so far as to write an opposition brief and forward a copy to EMI to maintain the illusion that the case was progressing on the merits. EMI had no reason to disbelieve LaVergne until January 2009, when it discovered that, despite LaVergne's representations, the Court had not rescinded the dismissal. When EMI became award of LaVergne's misconduct, it promptly began efforts to obtain replacement counsel.

Defendants argue EMI could have learned of LaVergne's nonfeasance and misfeasance sooner had it contacted the clerk's office or spoken to the court directly, and the Majority apparently agrees that "reasonable minds could differ" about EMI's ability to discover LaVergne's errors. (Maj. Op. at 7.) However, I believe that LaVergne's

---

not automatically warrant" a finding that there was no excusable neglect for purposes of Rule 60(b)(1). (*Id.*) I do not believe that making an alternative argument in this fashion amounts to a concession that EMI contributed to the delay, and, for the reasons described above, I also do not believe that the record supports such a conclusion. To the extent that the Majority faults my reliance on *Carter* and *Boughner* because those cases predate *Pioneer*, that objection is irrelevant because EMI was effectively faultless here. Moreover, I fail to see significance in the Majority's attempt to distinguish *Carter* as a discovery sanctions case and *Boughner* for failure to describe the length of the delay at issue. Both *Carter* and *Bougher* remain binding precedent with regard to the type of conduct by counsel that warrants relief under Rule 60(b)(6).

5

misconduct was beyond what EMI should have been expected to perceive and that attorney abandonment such as EMI suffered here should not result in the loss of the opportunity to have a case heard on the merits. A client is entitled to rely on the representations of its attorney, particularly when the client has no reason to suspect the attorney of untruthfulness. *See* PA. RULES OF PROF'L CONDUCT 8.4(c) (prohibiting attorneys from "engag[ing] in conduct involving dishonest, fraud, deceit, or misrepresentation"). EMI had no reason to doubt LaVergne's truthfulness in this case. While it may not be common for a procedural error to result in the dismissal of a case, it is not unheard of. Faced with an apparently unwarranted dismissal, a litigant – either personally or through counsel – would naturally want to contact the court to resolve the perceived error, and LaVergne's assertion to EMI that he was doing just that should not have caused EMI to question his handling of the case. Nor does the timing of events indicate that EMI allowed the case to languish for any extended period which would give rise to an inference that it shared in its counsel's neglect to prosecute its claims.

I would therefore conclude that what appears to be LaVergne's egregious misconduct, and his alone, qualifies as an extraordinary circumstance warranting relief under Rule 60(b)(6). Accordingly, I would reverse the District Court's denial of the motion.

6