ENTERED AUG 2 2 2014    *append*

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. RE-13-52
                                                         *cv*
SEAN MCKENZIE,                    )               *JON-YOR-07-18-14*
                                  )
          Plaintiff,              )
                                  )
     v.                           )               ORDER
                                  )
VIKAS SINGHAL, PAUL MISIR,        )
WILLIAM SANFORD, and 20@LLC,      )
                                  )
          Defendant.              )

Before the court are Plaintiff's Motion to Dismiss Defendants Sanford and Singhal, Plaintiff's Motion for Reconsideration of Relief from Default granted to Defendant Misir, and Defendant Misir's Motion to Dismiss.

*A. Plaintiff's Motion to Dismiss*

Plaintiff seeks dismissal of Defendants Sanford and Singhal. Plaintiff submits to the court that Plaintiff, Defendant Sanford and Defendant Singhal negotiated and executed a settlement agreement. Defendant Misir did not participate in the negotiations nor did he join in the agreement. Plaintiff alleges that Defendant Misir continues to manage 20@LLC. Defendants Sanford and Singhal attest that they are no longer affiliated with 20@LLC. Plaintiff requests that the court dismiss the action with regards to Defendants Sanford and Singhal pursuant to M.R. Civ. P 41(a)(2). Because the action has been resolved as it pertains to Defendants Sanford and Singhal, the court grants Plaintiff's motion.

*B. Plaintiff's Motion for Reconsideration of Relief from Default*

Plaintiff also requests that the court reconsider the relief from default granted to Defendant Misir. Plaintiff alleges that neither he, nor the other two Defendants received notice of Defendant Misir's Motion to lift the default and that they only learned of it by the Court's notice of

1

decision. The court denies Plaintiff's Motion to Reconsider, finding that there was good cause to lift the default.

### C. *Defendant's Motion to Dismiss*

Defendant's Motion to Vacate Default seeks dismissal for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted because there was no "contract" or business relationship between Plaintiff and Defendant Misir. The court addressed similar arguments in the June 12, 2013 Order on the collective Defendants' Motion to Dismiss. On a motion to dismiss, the court must take the facts as pled in the complaint to be true.

> In order for Maine to exercise personal jurisdiction over a nonresident defendant, due process requires that (1) Maine have a legitimate interest in the subject matter of this litigation; (2) the defendant, by his conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice.

Murphy v. Keenan, 667 A.2d 591, 593 (Me. 1995) (citing Interstate Food Processing Corp., 622 A.2d at 1191; Harriman v. Demoulas Supermarkets, Inc., 518 A.2d 1035, 1036 (Me.1986); Foreside Common Dev. Corp. v. Bleisch, 463 A.2d 767, 769 (Me.1983)). A defendant, by his conduct, could reasonably have anticipated litigation in Maine where he meets the criteria set out in the Maine Long-Arm Statute. The Maine Long-Arm Statute provides that any person submits to the jurisdiction of the Maine Courts where they have transacted any business within the State or "[m]aintain[ed] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States." 14 M.R.S. § 704-A (2013). The burden of the first two prongs of the test is born by the plaintiff. Id. If the plaintiff makes a showing of the first two prongs, the burden shifts to the defendant to show that jurisdiction does not comport with traditional notions of fair play and substantial justice. Id.

2

Plaintiff pled that Defendant Misir hired Plaintiff as an independent contractor for 20@ LLC, and that Defendant Misir participated in the decision to terminate Plaintiff and to not compensate Plaintiff for work completed. Plaintiff contends that throughout the time that he worked as an independent contractor for 20@ LLC, Plaintiff lived in York County, Maine. Similarly to the courts' earlier order, the court finds that Plaintiff has stated a cause of action for breach of contract. Furthermore, Plaintiff has pled facts that would suggest that the Maine Superior Court may exercise personal jurisdiction over Defendant Misir. Plaintiff alleges that at all times he was a Maine resident. Maine has an interest in providing Maine residents a means of redress against non-residents. Harriman, 518 A.2d at 1036. Because Plaintiff is a resident of Maine, because Defendant Misir participated in the process of hiring Plaintiff, and because Plaintiff and Defendant had a business relationship spanning multiple years, Defendant Misir should have anticipated the possibility of litigation in Maine. Finally, Defendant has not offered sufficient reason why the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. The court denies Defendant Misir's Motion to Dismiss.

## CONCLUSION

The court GRANTS Plaintiff's Motion to Dismiss Defendants Sanford and Singhal.

The court DENIES Plaintiff's Motion to Reconsider Defendant Misir's Motion to Vacate Default.

The court DENIES Defendant Misir's Motion to Dismiss.

The court reviewed the various pleadings filed and concluded that the March 19, 2013 Motion filed by Defendant Misir is the functional equivalent of an answer and will be docketed as such. Defendant Misir must file any affirmative defenses within 14 days of entry of this order. The Clerk is to set this matter for case management conference and trial on the fall civil list.

DATE: 7/18/14

_____
John O'Neil, Jr.
Justice, Superior Court

3

PLAINTIFF PRO SE;
SEAN MACKENZIE
81 SILVER LANE
LIMERICK ME  04048

DEFENDANT PRO SE;
VIKAS SINGHAL
207 W 21ST APT 4
NEW YORK NY  10011

DEFENDANT PRO SE;
WILLIAM SANFORD
4 MARTINE AVENUE APT 1515
WHITE PLAINS NY  10606

ATTORNEY FOR DEFENDANT  PAUL MISIR & 20@ LLC:
ARTHUR DUMAS
51 COTTAGE STREET
SANFOARD ME  04043

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTION
                                                  DOCKET NO. RE-13-52
SEAN MCKENZIE,                          )         *JON-YOR-CV 6/12/2013*

                                        )
            Plaintiff,                  )
                                        )
      v.                                )         ORDER DENYING DEFENDANTS'
                                        )         MOTIONS TO DISMISS
VIKAS SINGHAL, PAUL MISIR,              )
WILLIAM SANFORD, and 20@LLC,            )
                                        )
            Defendant.                  )


I.     Background

       Plaintiff claims to have been an independent contractor for Defendant corporation

20@ LLC. Plaintiff performed graphic, web site design, and interface design services for

Defendant between the dates of May 2011 and December 2011. Plaintiff received

payment on invoices submitted for work performed prior to August 2, 2011. Plaintiff

brought this action seeking to collect on work performed after that date. Defendants

Vikas Singhal, Paul Misir, and William Sanford have moved the Court to dismiss the

case.

II.    Standard of Review

       The purpose of a motion to dismiss is to determine the legal sufficiency of the

complaint. *Livonia v. Town of Rome,* 707 A.2d 83, 85 (Me. 1998). The Court will review

the motion in the light most favorable to the plaintiff, taking the facts as stated in the

complaint to be true. *Id.* The Court will grant a motion to dismiss only where "it appears

beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might

1

prove in support of his claims." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (citations omitted).

III.    Discussion

Defendants Vikas Singhal, Paul Misir, and William Sanford have moved the Court to dismiss the case. Defendants have moved the Court to dismiss the case on the grounds that the Court does not have jurisdiction over Defendants, Plaintiff did not have a contract, the summons was defective, the case is frivolous and merely an attempt to further harass Defendants, and the complaint was not filed under Plaintiff's true name.

According to Maine's long arm statute, jurisdiction is conferred when a cause of action arises from the transaction of any business within the State. 14 M.R.S. § 704-A (2012). Plaintiff asserts that the Court does have jurisdiction over Defendants because the conflict arises from a business transaction between the two parties, and throughout the entire course of the business transaction Plaintiff lived and worked in Maine. Defendant asserts that it was not aware of Plaintiff's residence, nor would they have had reason to, as they did not employ Plaintiff. Defendant asserts that Plaintiff was employed by Defendant's independent contractors. Without an appearance by both parties, the Court must base its findings on the four corners of the complaint, taking Plaintiffs facts asserted to be true. Based solely on the assertions in the complaint, Defendants had reason to know that they were entering into a business transaction in Maine, and therefore the Court has jurisdiction.

Defendants have moved the Court to dismiss for failure to state a claim upon which relief can be granted. Plaintiff's complaint alleges breach of contract. Viewing the facts in the light most favorable to the non-moving party, the Court finds that there is a a

2

claim alleged upon which relief can be granted. The Court does not dismiss the case on the merits at this time. The Court will determine the veracity of the parties allegations based upon a testimonial hearing to be held at a later date.

A corporation may not represent itself pro se. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 36 (1st Cir. 2012). Plaintiff argues that Defendants Singhal, Misir, and Sanfords' pro se filings are problematic under this rule. Because Plaintiff filed against Defendants Singhal, Misir, and Sanford each as individuals, they may represent themselves pro se, as individual defendants. However, Defendant 20@ LLC must be represented by an attorney.

IV.     Conclusion

Defendants Motions to Dismiss is DENIED.

DATE:     6/12/13

_____
John O'Neil, Jr.
Justice, Superior Court

3

ALL PARTIES ARE PRO SE:

SEAN MACKENZIE, PLAINTIFF
81 SILVER LANE
LIMERICK ME  04048


PAUL MISIR, DEFENDANT
C/O LALLY & MISIR
220 OLD COUNTRY ROAD
MINEOLA NY11501

20@ LLC, DEFENDANT
C/O LALLY & MISIR
220 OLD COUNTRY ROAD
MINEOLA NY  11501

WILLIAM SANFORD, DEFENDANT
4 MARTINE AVENUE APT 1515
WHITE PLAINS NY  10606

VIKAS SINGHAL, DEFENDANT
207 W 21ST APT 4
NEW YORK NY  10011