UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Ekoue Dodji Aboussa et al.

    v.                                          Case No. 22-cv-567-SE
                                                Opinion No 2023 DNH 061
Community Bridges et al.


O R D E R

Ekoue Dodji Aboussa and Images Des Reves LLC ("IDR") bring suit against Community Bridges and the Federal Bureau of Investigation alleging claims that arise out of Aboussa's employment with Community Bridges. Viewed generously, the amended complaint ("complaint") alleges a claim of employment discrimination based on Aboussa's race or national origin and a claim of sexual harassment, both in violation of Title VII of the Civil Rights Act of 1964 and both against Community Bridges.[1] Community Bridges moves to dismiss, arguing that the plaintiffs fail to allege that they filed an administrative charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") or a parallel state agency prior to filing suit. Doc. no. 7. The FBI also moves to dismiss, arguing, among other things, that the complaint fails to state a plausible claim for

_____

[1] As discussed further below, although the complaint references the FBI, the claim Aboussa intended to assert against the FBI is unclear.

relief against it. Doc. no. 14. The plaintiffs object to both motions.[2]

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To test a complaint's sufficiency, the court must first identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if

---

[2] The plaintiffs also filed a motion requesting a hearing on Community Bridges' motion to dismiss. See doc. no. 13. Because the plaintiffs' objection confirms that Community Bridges is entitled to dismissal of the plaintiffs' claims and because oral argument would not provide assistance to the court, see LR 7.1(d), the court denies that motion.

the claim is plausible. See id. In light of the plaintiffs' pro se status, the court liberally construes his pleadings.[3] Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

Viewed generously, the complaint alleges that Community Bridges employed Aboussa for some period of time and, during his employment, discriminated against him on the basis of either his race or his national origin in various ways. A Community Bridges employee also allegedly sexually harassed Aboussa. He brings claims against Community Bridges under Title VII.

Before addressing the defendants' arguments in their motions to dismiss, the court notes that although IDR is included as a plaintiff in the complaint's caption, the complaint does not allege any claim on IDR's behalf. To the extent that the complaint references IDR, it states only that Aboussa is allegedly IDR's "registered agent." Therefore, the court dismisses any purported claim asserted by IDR.

---

[3] The court notes that one of the plaintiffs, IDR, is a limited liability company and is not permitted to litigate pro se. Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 36 n.2 (1st Cir. 2012). Because IDR has not alleged a viable claim against either defendant as discussed further below, the court dismisses the complaint on the merits rather than on that procedural ground. See Medeiros v. United States, 621 F.2d 468, 470 (1st Cir. 1980) (noting "the strong policy favoring disposition of cases on the merits").

I.   FBI's Motion to Dismiss

The FBI moves to dismiss, arguing that the complaint fails to state a viable claim for relief against it.[4] Viewed generously, the complaint alleges that the FBI at some point spoke to Community Bridges about Aboussa, either in conjunction with or without local police enforcement.[5] Although the complaint appears to state that this conduct is a violation 18 U.S.C. § 2261A, that is a "federal criminal statute involving stalking," and the statute "does not confer a private right of action." Ives v. Tyer, No. CV 17-30101-MGM, 2017 WL 6551361, at *2 (D. Mass. Nov. 3, 2017).

The complaint fails to state a plausible claim for relief against the FBI. Consequently, the court grants the FBI's motion to dismiss.

---

[4] The FBI argues that any claims asserted against it in the complaint should be dismissed for the additional reason that the plaintiffs have failed to complete service. See doc. no. 14 at 2-3. Because the complaint fails to state a cognizable claim for relief against the FBI, the court addresses any claims against the FBI on the merits.

[5] The complaint also references "illegal surveillance," though it contains no allegation of surveillance of any kind by either defendant.

4

## II. Community Bridges' Motion to Dismiss

Community Bridges argues that Aboussa failed to exhaust his administrative remedies under Title VII. An employee wishing to file a civil action asserting a claim under Title VII "must file an administrative claim with the EEOC or with a parallel state agency before a civil action may be brought." Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009). "The purpose of that requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Fantini v. Salem State Coll., 557 F.3d 22, 26–27 (1st Cir. 2009). "Similarly, an employee must obtain a right-to-sue letter before bringing suit—and a court will typically insist on satisfaction of that condition." Mach Mining, LLC v. E.E.O.C., 575 U.S. 480, 487 (2015). A "plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door." Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005).

The complaint does not allege that Aboussa filed an administrative claim with the EEOC or a parallel state agency or that he received a right-to-sue letter. In his objection to Community Bridges' motion, Aboussa states that "Plaintiffs have filed their complaints with the New Hampshire Commission of Human Rights on 2/1/23" and that the Commission of Human Rights is "an agency parallel to EEOC." Doc. no. 9 at 2. Aboussa,

5

however, instituted this action on December 28, 2022, before he purportedly filed his administrative claim. Further, he does not state that he received a right-to-sue letter. Therefore, Aboussa did not exhaust his administrative remedies under Title VII prior to bringing this suit.

For that reason, the court grants Community Bridges' motion to dismiss without prejudice to Aboussa's right to refile after exhausting his administrative remedies under Title VII.

Conclusion

For the foregoing reasons, the court grants the FBI's motion to dismiss (doc. no. 14), grants Community Bridges' motion to dismiss (doc. no. 7) without prejudice as provided in this order, and denies the plaintiff's motion for a hearing (doc. no. 13).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

May 15, 2023

cc:  Ekoue Dodji Aboussa, pros e
     Paul Akouete Abousssa, pro se
     Counsel of Record